UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS OZZBORN,

                              Plaintiff,

          vs.                                              9:17-CV-1039
                                                           (MAD/ATB)

THE STATE OF NEW YORK; THE NEW
YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION; and MATTHEW CORNELL,
*Corrections Officer, Individually and in his*
*Official Capacity,*

                              Defendants.
_____

APPEARANCES:                              OF COUNSEL:

RUBENSTEIN & RYNECKI                      SCOTT E. RYNECKI, ESQ.
16 Court Street, Suite 1717
Brooklyn, New York 11241
Attorney for Plaintiff

OFFICE OF THE NEW YORK                    AIMEE M. COWAN, AAG
STATE ATTORNEY GENERAL
Syracuse Regional Office
615 Erie Boulevard West, Suite 102
Syracuse, New York 13204-2465
Attorney for Defendants

Mae A. D'Agostino, U.S. District Judge:

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On September 19, 2017, Plaintiff Thomas Ozzborn ("Plaintiff"), a former inmate housed

at the Auburn Correctional Facility ("Auburn CF"), filed a complaint in the Northern District of

New York, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1367, against Defendants Corrections

Officer Matthew Cornell, the New York State Department of Corrections and Community

Supervision ("DOCCS"), and the State of New York (collectively, "Defendants").  *See* Dkt. No.

1.  Currently before the Court are Defendants' motion to dismiss all claims against the State of

New York and DOCCS (collectively, the "State Defendants"), *see* Dkt. No. 11, and Defendants'

motion to dismiss all state law claims against Defendant Cornell, *see* Dkt. No. 17, both pursuant

to Federal Rule of Civil Procedure 12(b)(1).  For the following reasons, Defendants' motion to

dismiss all claims against the State Defendants is granted and Defendants' motion to dismiss all

state law claims against Defendant Cornell is granted in part and denied in part.

## II. BACKGROUND

On May 7, 2015, Plaintiff had a dispute with Defendant Cornell.  *See* Dkt. No. 1 at ¶ 10.

After the dispute, Defendant Cornell threatened Plaintiff, stating "I'll see you later."  *Id.*  On May

9, 2015, Defendant Cornell singled out Plaintiff for a "random" pat frisk.  *See id.* at ¶ 12.  Prior to

conducting the frisk, Defendant Cornell claimed that Plaintiff said there was a weapon in his right

shoe.  *See id.* at ¶ 13.  Defendant Cornell then claimed that he found a 3 ½ inch sharpened tweezer

prong in Plaintiff's right shoe and that Plaintiff admitted the weapon was his.  *See id.* at ¶¶ 13-14.

Plaintiff alleges that Defendant Cornell lied about the admission and placed the weapon in his

shoe.  *See id.*

On account of the weapon, Plaintiff was sent to solitary confinement for thirty days.  *See*

*id.* at ¶ 15.  DOCCS held a disciplinary hearing on May 14, 2015, and May 28, 2015.  *See id.* at ¶

16.  Although Plaintiff maintained his innocence throughout the hearing, he was found guilty

solely on the basis of Defendant Cornell's allegations and transferred to the Cayuga County

Correctional Facility Special Housing Unit ("SHU") where he spent seven additional months in

solitary confinement.  *See id.* at ¶¶ 16-17.

On January 27, 2016, Plaintiff was released from solitary confinement and was set to be released on parole for his underlying conviction. *See id*. at ¶ 19. However, before he had the opportunity to exit the prison, he was arrested on a charge stemming from the May 9, 2015 incident and transferred to the Cayuga County Jail to await trial. *See id.* at ¶¶ 19-20. Faced with a possible sentence of fifteen years to life, Plaintiff pleaded guilty and was sentenced to a term of imprisonment of two-to-four years. *See id.* at ¶¶ 21-23. On August 12, 2016, Plaintiff appealed his conviction. *See id.* at ¶ 24.

In December 2016, the Inspector General for DOCCS raided Auburn CF and uncovered multiple items of contraband in the possession of prison guards. *See id.* at ¶ 26. Defendant Cornell allegedly admitted to the Cayuga County District Attorney that he had planted at least one weapon on an inmate. *See id.* at ¶ 27. The District Attorney provided this information to Plaintiff's counsel and the judge presiding over Plaintiff's appeal, stating that he had "recently learned of an infirmity regarding the credibility" of Defendant Cornell and that "his office would not oppose any motion . . . to vacate the previously entered plea and sentence." *Id.* at ¶¶ 28-29.

After receiving this letter, Plaintiff filed a motion to dismiss his conviction and indictment. *See id.* at ¶ 30. On January 18, 2017, Justice Thomas G. Leone vacated Plaintiff's conviction. *See id.* at ¶ 31. Plaintiff was released from DOCCS's custody on February 9, 2017. *See id.*

On September 19, 2017, Plaintiff filed this complaint asserting seven causes of action for violations of state law and constitutional rights: (1) false arrest and false imprisonment pursuant to 42 U.S.C. § 1983 against Defendant Cornell, *see id.* at ¶¶ 33-48; (2) false arrest and false imprisonment under New York State law against all Defendants, *see id.* at ¶¶ 48-54; (3) denial of the right to a fair trial pursuant 42 U.S.C. § 1983 against Defendant Cornell, *see id.* at ¶¶ 55-60;

(4) common law assault against all Defendants, *see id.* at ¶¶ 61-64; (5) common law battery against all Defendants, *see id.* at ¶¶ 65-69; (6) municipal liability against the State Defendants, *see id.* at ¶¶ 70-74; and (7) negligent hiring, retention, training, and supervision against the State Defendants, *see id.* at ¶¶ 75-79.  On November 6, 2017, Defendants filed a motion to dismiss all claims against the State Defendants for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "State Defendants' Motion").  *See* Dkt. No. 11.  On December 11, 2017, Defendant Cornell filed a second motion to dismiss for lack of subject matter jurisdiction.  *See* Dkt. No. 17.  Defendant Cornell's motion argues that the Court does not have subject matter jurisdiction over Plaintiff's state law claims against him.  *See id.* at 5.  On January 11, 2018, Plaintiff filed a response agreeing that the State Defendants must be dismissed, but arguing that the state law claims against Defendant Cornell should be permitted to proceed in part.  *See* Dkt. No. 18 at 1.[1]

### III. DISCUSSION

#### A.    Standard of Review

When a party moves to dismiss a claim pursuant to Rule 12(b)(1), "the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction."  *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583 (Fed. Cir. 1993) (citations omitted).  For purposes of such a motion, "the allegations in the complaint are not controlling . . . and only uncontroverted factual allegations are accepted as true. . . ."  *Id.* (internal citations omitted).  "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)

---

[1] The cited page numbers for docket entries in this Memorandum-Decision and Order refer to those assigned by the Court's electronic filing system ("ECF").

(citation omitted).  "Furthermore, 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Gunst v. Seaga*, No. 05 Civ. 2626, 2007 WL 1032265, *2 (S.D.N.Y. Mar. 30, 2007) (quoting *Shipping Financial Services Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)); *see also State Employees Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (holding that, in a motion to dismiss for lack of subject matter jurisdiction, a court "may resolve disputed factual issues by reference to evidence outside the pleadings, including affidavits").

## B.    Jurisdiction Over the State Defendants

The Eleventh Amendment to the United States Constitution bars federal courts from exercising subject matter jurisdiction over claims against a state or one of its agencies absent their consent to such a suit or an express statutory waiver of immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984).  "This jurisdictional bar applies regardless of the nature of the relief sought."  *Id.* at 100.  Congress did not abrogate the Eleventh Amendment immunity granted to the states when it enacted 42 U.S.C. § 1983 because it is well settled that states are not "persons" under section 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citation omitted); *see also Quern v. Jordan*, 440 U.S. 332, 240-41 (1979).

Here, Defendants move to dismiss all claims against the State Defendants, which Plaintiff does not oppose.  It is well settled that "DOCCS is an arm of the state" and entitled to sovereign immunity as if it were the State of New York.  *Johnson v. New York*, No. 10 CIV. 9532, 2012 WL 335683, *1 (S.D.N.Y. Feb. 1, 2012).  As such, the State Defendants are entitled to sovereign immunity and Plaintiff's claims against the State Defendants are dismissed.

## C.    State Law Claims Against Defendant Cornell

Defendants move to dismiss the state law claims brought against Defendant Cornell in

both his individual and official capacity.  Defendants contend that the claims are barred by

Section 24 of the New York State Correction Law.  Plaintiff acknowledges that his state law

claims brought against Defendant Cornell in his individual capacity must be dismissed, but argues

that the motion should be denied insofar as he seeks injunctive relief against Defendant Cornell.

Section 24 of the New York State Correction Law provides in pertinent part:

> 1. No civil action shall be brought in any court of the state, except
> by the attorney general on behalf of the state, against any officer or
> employee of the department, in his personal capacity, for damages
> arising out of any act done or the failure to perform any act within
> the scope of the employment and in the discharge of the duties by
> such officer or employee.
>
> 2. Any claim for damages arising out of any act done or the failure
> to perform any act within the scope of the employment and in the
> discharge of the duties of any officer or employee of shall be
> brought and maintained in the court of claims as a claim against the
> state.

N.Y. Corr. Law § 24; *see also Ierardi v. Sisco*, 119 F.3d 183, 186-87 (2d Cir. 1997).  "Section 24

thus precludes claims against corrections officers brought against them in any court in their

personal capacities arising out of the discharge of their duties." *Crump v. Ekpe*, No. 07-CV-1331,

2010 WL 502762, *18 (N.D.N.Y. Feb. 8, 2010) (citations omitted).  An employee's actions are

deemed to be within the scope of their employment when "the act was done while the servant was

doing his master's work, no matter how irregularly, or with what disregard of instructions."

*Ierardi v. Sisco*, 119 F.3d 183, 187 (2d Cir. 1997) (citations omitted).

For purposes of New York Correction Law § 24, the courts have looked to the following

factors to determine whether actions fall within the actor's scope of employment:

> the connection between the time, place and occasion for the act; the
> history of the relationship between employer and employee as
> spelled out in actual practice; whether the act is one commonly
> done by any employee; the extent of departure from normal
> methods of performance; and whether the specific act was one that

the employer could reasonably have anticipated.

*Ierardi*, 119 F.3d at 187 (citation omitted).  "Consistent with this precept, various courts have

held that a correctional officer who uses force while on duty is acting within the scope of

employment, and therefore is entitled to the protections of section 24." *Deal v. Yurack*, No.

9:04-CV-0072, 2007 WL 2789615, *10 (N.D.N.Y. Sept. 24, 2007) (collecting cases).

In the present matter, the Court finds that the claims for injunctive relief against

Defendant Cornell in his official capacity must be dismissed.  Plaintiff argues that he is permitted

to seek prospective injunctive relief against Defendant Cornell in his official capacity.  *See* Dkt.

No. 18 at 6-7.  Plaintiff is correct that *Ex parte Young*, 209 U.S. 123 (1908), permits claims for

prospective injunctive relief to proceed against state officials in their official capacities.

Notwithstanding the *Ex parte Young* exception, Plaintiff's claims for injunctive relief are moot

because Plaintiff has been released from custody and Defendant Cornell is no longer employed by

DOCCS.  *See Smith v. Fischer*, No. 13-CV-6127, 2016 WL 3004670, *2 (W.D.N.Y. May 23,

2016) (citing *Salahuddin v. Goord*, 467 F.3d 264, 272 (2d Cir. 2006); *Mawhinney v. Henderson*,

542 F.2d 1, 2 (2d Cir. 1976)).

With regards to Plaintiff's state law assault and battery claims against Defendant Cornell

in his individual capacity, Plaintiff correctly concedes that Section 24 of the New York State

Correction Law deprives the Court of jurisdiction to hear these claims.  Plaintiff, however,

incorrectly concedes that the Court is precluded from hearing his false arrest and imprisonment

claim.

"While the immunity conferred on correctional officers by § 24 is broad, it is not absolute,

i.e., the claim must fall within the scope of that section." *Livingston v. Griffin*, No. 04-CV-00607,

2007 WL 2437433, *2 (N.D.N.Y. Aug. 22, 2007) (citations omitted).  As mentioned, an

employee's actions are deemed to be within the scope of his or her employment when "the act was done while the servant was doing his master's work, no matter how irregularly, or with what disregard of instructions." *Ierardi*, 119 F.3d at 187 (quoting *Riviello v. Waldron*, 47 N.Y.2d 297, 302 (1979)). "New York courts have held that § 24(1) is inapplicable where the act is committed solely for personal reasons unrelated to the employer's interests." *Livingston*, 2007 WL 2437433, at \*2 (citing *Waxter v. State*, 33 A.D.3d 1180, 1181 (3d Dep't 2006) (holding sexual assault is outside scope of employment)); *see also Murray v. Reif*, 36 A.D.3d 1167, 1168 (3d Dep't 2007) (holding allegations that the defendant "assaulted [the] plaintiff, threatened him, read his legal mail without permission, and importuned others not to feed [the] plaintiff while he was in special housing" amounted to conduct outside of the scope of employment).

In *Livingston*, the court was presented with allegations that guards had been lacing the plaintiff's food with drugs. *See Livingston*, 2007 WL 2437433, at \*1. Applying the *Ierardi* test, the court noted that while

> the service of food itself would clearly fall within the parameters of § 24, that is not the true issue. The true issue is whether the knowing, deliberate and intentional service of food adulterated with drugs falls within the parameters of § 24. The Court thinks not. This [is] not a case of negligence, which would fall within the scope of § 24, but a case in which it is alleged the acts were done knowingly, deliberately and intentionally. To echo the Second Circuit, "it may not be legitimately urged that what [the defendants are] said to have done is 'commonly done' by correction officers, or is other than a marked departure 'from the normal methods of performance' utilized by such employees in discharging their duties."

*Id.* at \*3 (quoting *Ierardi*, 119 F.3d at 188) (other quotation omitted).

Here, Plaintiff has made three state law claims against Defendant Cornell in his personal capacity: (1) false arrest and imprisonment; (2) assault; (3) and battery. The alleged assault and battery arise out of actions taken while Defendant Cornell was searching Plaintiff for contraband.

8

This was clearly within the scope of a prison guard's employment and thus is barred. *See Cepeda v. Coughlin*, 128 A.D.2d 995, 997 (3d Dep't 1987) (barring an excessive force claim arising from a conflict that occurred while "the corrections officers were performing a normal and regular duty" and noting that "[c]ustody and control of inmates and the maintenance of prison safety and security are the primary duties and responsibilities of correction officers. It cannot be said that their conduct was outside the scope of their employment").

The allegations regarding false arrest and imprisonment, however, fall outside the scope of Defendant Cornell's employment. Like *Livingston*, the issue here is not that Defendant Cornell searched Plaintiff, but instead that Defendant Cornell intentionally planted a weapon on him. The complaint alleges that Defendant Cornell's actions against Plaintiff were motivated by his desire to settle a dispute between the two. *See* Dkt. No. 1 at ¶ 10. This desire to settle a personal vendetta was a motivation outside of the interests of DOCCS.

Further, the last three *Ierardi* factors weigh in Plaintiff's favor. First, planting a weapon on an inmate is not an act commonly performed by a prison guard, or any state official for that matter. Second, such conduct is clearly a radical departure from a prison guard's "normal methods of performance." *Ierardi*, 119 F.3d at 187. Third, it is not reasonably foreseeable that a guard, whose duties include keeping contraband out of the hands of inmates, would smuggle a weapon into the prison for the purpose of planting it on an inmate. While first two factors weigh in favor of Defendant Cornell—the act occurred in the prison and it is uncontested that Defendant Cornell was an employee of DOCCS—these factors are not dispositive. *See DeLee v. White*, No. 09-CV-00838, 2011 WL 7415124, \*18 (W.D.N.Y. Nov. 15, 2011) (noting that, although the conduct at issue "occurred during the course of Defendants' employment . . . [it] was not within the scope of Defendants' employment"), *report and recommendation adopted*, No. 09-CV-838,

2012 WL 590858 (W.D.N.Y. Feb. 22, 2012).

The allegations in the case at bar are analogous to those in *Livingston*. In *Livingston*, the plaintiff claimed that the guards were drugging his food, while here, Plaintiff alleges that Defendant Cornell planted a weapon on him. Both sets of allegations involve guards using contraband against an inmate in an illicit manner well outside the normal duties of a prison guard. Accordingly, the Court finds that Section 24 of the New York Correction Law does not deprive the Court of subject matter jurisdiction over Plaintiff's false arrest and imprisonment claim against Defendant Cornell in his individual capacity.

## IV. CONCLUSION

Accordingly, after carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that the State Defendants' motion to dismiss (Dkt. No. 11) is **GRANTED**; and the Court further

**ORDERS** that Defendant Cornell's motion to dismiss (Dkt. No. 17) is **GRANTED in part** and **DENIED in part**;[2] and the Court further

**ORDERS** that the State of New York and DOCCS are terminated as parties; and the Court further

---

[2] As a result of this Memorandum-Decision and Order, all claims against the State Defendants have been dismissed. Further, the state law assault and battery and all official capacity claims against Defendant Cornell are dismissed.

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 22, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge